**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 94-5911

WILLIAM GEORGE PAYNE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Peter J. Messitte, District Judge.
(CR-94-173-PJM)

Submitted: November 28, 1995

Decided: August 13, 1996

Before WILKINSON, Chief Judge, MOTZ, Circuit Judge, and
CHAPMAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gerald C. Ruter, LAW OFFICES OF GERALD C. RUTER, Balti-
more, Maryland, for Appellant. Lynne A. Battaglia, United States
Attorney, Robert M. Thomas, Jr., Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William George Payne, by counsel, appeals his conviction alleging that the district court erred when it added two points in calculating his criminal history category on the basis that he committed the instant offense while on probation or supervised release. We affirm.

Payne, a citizen of Jamaica, has been arrested on numerous occasions for drug offenses. Typically after each conviction, he is deported from the United States. In December 1992, he was convicted of state drug charges and was charged federally for his illegal re-entry into the United States. He received a ten-month sentence for the illegal re-entry offense and three years supervised release. After completing service on his federal sentence, he was again deported.

Two months later, following an investigation by immigration officials, Payne was arrested in the United States. During a search incident to the arrest, the arresting officers recovered twelve grams of crack cocaine from Payne's personal possession. Payne pled guilty to a superseding criminal information which charged him with possession of crack cocaine, in violation of 21 U.S.C.§ 844(a) (1988). As a part of his plea agreement, Payne waived his right to appeal the imposed sentence, except for any sentence that resulted from a departure from the sentencing guidelines or for any sentence that exceeded the statutory maximum.

During sentencing, Payne's chief objections to the presentence report ("PSR") were that he was not on state probation or federal supervised release when he committed the instant offense, and as a result, the district court should not have increased his total criminal history points by two pursuant to United States Sentencing Commission, Guidelines Manual, § 4A1.1(d) (Nov. 1994). Payne's counsel argued that Payne could not have been on state probation or federal

2

supervised release when the instant offense occurred because those periods terminated when he was deported. According to Payne, as a result of his deportation, the United States could no longer exercise any jurisdiction over him. The district court concluded that Payne was either on inactive supervised release or probation when he committed the instant offense and that the two-point assessment was proper.

Payne's counsel filed a brief in this court pursuant to Anders v. California, 386 U.S. 738 (1967), raising only this issue of whether the district court properly calculated Payne's criminal history category. But counsel concedes that Payne may have waived his right to assert this issue on appeal because, according to the terms of his plea agreement, Payne waived all rights to appeal his sentence, notwithstanding a few limited exceptions.

We find that according to the terms of his plea agreement, Payne knowingly and expressly waived his rights to appeal this sentence. A defendant who executes a general waiver of appellate rights retains the right to seek appellate review of a sentence imposed in excess of the statutory maximum or based on a constitutionally impermissible factor such as race. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Payne makes no such challenge here.

In accordance with Anders, this court has thoroughly examined the entire record for any potentially meritorious issues for appeal and has found none. We therefore affirm Payne's conviction and sentence and deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would aid the decisional process.

AFFIRMED

3